IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| I.A.R.C. INC. D/B/A INTO ACTION RECOVERY CENTERS INC.<br><br>Plaintiff,<br><br>v.<br><br>MEDUSIND INC., AVA BILLING AND CONSULTING, LLC, and ASHTON ABERNATHY<br><br>    Defendants. | CIVIL ACTION<br><br>CASE NO. 4:25-cv-04638<br>JURY |

**JOINT DISCOVERY/ CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

1. State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.

    The Rule 26(f) conference was held via video conference on November 25, 2025. Counsel in attendance included: Matt R. Raley and Gulmina Shah for Plaintiff, and Stephen J. Barrett for Defendants.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

    None to the Parties' knowledge.

3. <u>Briefly</u> describe what the case is about.

    **PLAINTIFF'S POSITION**

    Plaintiff IARC alleges that Defendants knowingly made numerous misrepresentations to IARC and concealed material information from IARC which they had a fiduciary duty to disclose as IARC's agents, to induce IARC into using Medusind for billing and collection services, including without limitation utilization management services and obtaining prior authorizations.

1

**DEFENDANTS' POSITION**

Defendants maintain that they provided the contracted-for services in full compliance with the terms of the parties' agreement. Plaintiff's fraud, negligent misrepresentation, Deceptive Trade Practices Act (DTPA), breach of express warranty (as a freestanding noncontract claim), and breach of fiduciary duty counts impermissibly duplicate the contract theory. Moreover, the non-contract claims independently fail because Defendants did not make any misrepresentations.

4. Specify the allegation of federal jurisdiction.

   Defendants allege this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties and the amount in controversy is greater than $75,000.00, excluding interest and costs.

5. Name the parties who disagree and the reasons.

   At this time, Plaintiff does not dispute that this Court may have subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   None at this time.

7. List anticipated interventions.

   None at this time.

8. Describe class-action issues.

   None at this time.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   The parties will make initial disclosures by December 9, 2025 pursuant to Rule 26(a)(1)(A).

10. Describe the proposed agreed discovery plan, including:

    A.  Responses to all the matters raised in Rule 26(f).

    The Parties agree to comply with the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

    B.  When and to whom the plaintiff anticipates it may send interrogatories.

Plaintiff anticipates sending interrogatories and requests for production to Defendants shortly after receipt of Defendants' Initial Disclosures in a manner consistent with the Court Procedures and Practices, Scheduling Order and the Federal Rules of Civil Procedure.

C. When and to whom the defendant anticipates it may send interrogatories.

Defendants anticipate sending interrogatories and requests for production to Plaintiff in a manner consistent with the Court Procedures and Practices, Scheduling Order and the Federal Rules of Civil Procedure.

D. Of whom and by when the plaintiff anticipates taking oral depositions.

At this time, Plaintiff anticipates taking the oral depositions of Ashton Abernethy and the corporate representatives of AVA Billing and Medusind. Additionally, Plaintiff may seek to depose any fact witnesses or persons with knowledge of relevant facts, including individuals identified during discovery, and any expert witnesses designated by Defendants.

Plaintiff reserves the right to seek any additional depositions that become necessary throughout the course of discovery and in accordance with the Court's Scheduling Order to be entered in this case and the Federal Rules of Civil Procedure.

E. Of whom and by when the defendant anticipates taking oral depositions.

Defendants anticipate taking the oral deposition(s) of Plaintiff's corporate representative(s). Additionally, Plaintiff may seek to depose any fact witnesses or persons with knowledge of relevant facts, including individuals identified during discovery, and any expert witnesses designated by Plaintiff.

Plaintiff reserves the right to seek any additional depositions that become necessary throughout the course of discovery and in accordance with the Court's Scheduling Order to be entered in this case and the Federal Rules of Civil Procedure.

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

Plaintiff and Defendants anticipate being able to designate experts in accordance with this Court's Scheduling Order to be entered in this case.

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Plaintiff anticipates taking the deposition of any expert witnesses identified by Defendants. Plaintiff anticipates that the depositions can be taken prior to the close of discovery and in accordance with the Court's Scheduling Order to be entered in this case.

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Defendants anticipate taking the deposition of any expert witnesses identified by Plaintiff. Defendants anticipate that the depositions can be taken prior to the close of discovery and in accordance with the Court's Scheduling Order to be entered in this case.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

The Parties agree with the discovery plan contained herein.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

None at this time

13. State the date the planned discovery can be reasonably completed.

The Parties anticipate completing discovery by the applicable deadlines set forth in the Court's Scheduling Order to be entered in this case. Should additional time become necessary, the Parties agree to comply with the Federal Rules of Civil Procedure and/or any other Order of this Court in requesting additional time.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

There have been no settlement discussions at this stage of the case. However, the Parties are open to exploring settlement after adequate discovery into liability and damages has occurred.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

There have been no settlement discussions at this stage of the case. However, the Parties are open to exploring settlement after adequate discovery into liability and damages has occurred.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

The Parties believe that private mediation with an agreed mediator would be the most effective alternative dispute resolution method. The Parties are amenable to discussing mediation after adequate discovery has been exchanged.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    The Parties do not consent to trial by magistrate at this time.

18. State whether a jury demand has been made and if it was made on time.

    Plaintiff has made a timely jury demand.

19. Specify the number of hours it will take to present the evidence in this case.

    The Parties are unable to estimate trial hours prior to discovery.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    Defense counsel Stephen Barrett's Motion for Admission *Pro Hac Vice*.

21. List other motions pending.

    Defendants' Partial Motion to Dismiss Pursuant to Rule 12(b)(6).

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    None at this time.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

    Please see the below signatures of counsel. Plaintiff's Certificate of Interested Parties was filed on October 14, 2025 (Dkt. No. 11). Defendants' Certificate of Interested Parties was filed on October 15, 2025 (Dkt. No. 12).

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

    Please see the below signature blocks.

Date: December 8, 2025

        Respectfully submitted,

        **SPENCER FANE LLP**

**By:**    ***/s/ Brian W. Zimmerman***
        Brian W. Zimmerman
        bzimmerman@spencerfane.com
        SBOT No. 00788746/FBN: 18979
        Matt R. Raley
        mraley@spencerfane.com
        SBOT No. 240512224/FBN 616398
        Gulmina Shah
        gshah@spencerfane.com
        SBOT No. 24102488/FBN: 3060543
        3040 Post Oak Blvd., Suite 1400
        Houston, TX 77056
        Telephone: 713-552-1234
        Facsimile: 713-963-0859

**ATTORNEYS FOR PLAINTIFF I.A.R.C. INC. D/B/A INTO ACTION RECOVERY CENTERS, INC.**

        **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

**By:**    ***/s/ Andrew S. Holland***
        Andrew S. Holland
        TX Bar No. 24134330
        909 Fannin Street, Suite 3300
        Houston, Texas 77010
        713.353.2000
        713.785.7780 (Fax)
        andrew.holland@wilsonelser.com

**ATTORNEYS FOR DEFENDANTS MEDUSIND INC., AVA BILLING AND CONSULTING, LLC, and ASHTON ABERNATHY**

**CERTIFICATE OF SERVICE**

    I, the undersigned attorney, do hereby certify that a true and correct copy of the foregoing document was forwarded to all counsel of record via ECF filing on December 8, 2025 pursuant to the Federal Rules of Civil Procedure.

                                              */s/ Matt R. Raley*
                                              Matt R. Raley