| | |
|---|---|
| UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS <br> I.A.R.C. INC., <br>          Plaintiff, <br>     -against- <br><br> MEDUSIND INC., AVA BILLING AND CONSULTING, LLC, and ASHTON ABERNETHY, <br>          Defendants. | Civil Action No. 4:25-cv-04638 |

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF PARTIAL MOTION TO DISMISS**

Defendants submit this Reply in further support of their Partial Motion to Dismiss, and in support thereof, would respectfully show the Court as follows:

## ARGUMENT

Plaintiff's opposition cannot cure the complaint's threshold defects under Texas law and Rule 9(b). First, the complaint's core assertions—"superior billing services," maintenance of "the same account managers and staff," etc.—are sales talk and future-oriented assurances, not verifiable statements of existing fact. Texas courts reject such generalized quality and superiority statements as nonactionable puffery or opinion. *Prudential Ins. Co. of Am. v. Jefferson Assocs., Ltd.*, 896 S.W.2d 156, 163 (Tex. 1995). Future performance promises also require facts establishing the speaker's present intent not to perform, which the complaint does not supply. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998).

The opposition asserts that Defendants' statements were specific and verifiable, but the complaint's operative allegations remain generalized sales talk, internal process descriptions, and predictions of future performance—not particularized misstatements of existing fact accompanied by contemporaneous falsity. The opposition recasts these as present-fact claims by invoking "special knowledge," but it cites no pleaded facts showing that, at the time of alleged

1

misstatements, Defendants knew of concrete, contradictory facts rendering the statements false when made. The complaint's allegations of later nonperformance and staffing choices, or of unpublished internal plans, do not bridge that gap under Texas law. *Formosa*, 960 S.W.2d at 47 (falsity must be known when uttered).

Second, the supposed "nondisclosures" fail because Plaintiff pleads no fiduciary relationship giving rise to a duty to disclose, and no partial disclosure rendered misleading without more. The opposition points to an asserted principal–agent relationship to bootstrap a disclosure duty, but the complaint alleges only an arm's-length services engagement where Plaintiff "retained the right to direct and control" vendor activities—a scenario Texas law does not convert into a fiduciary relationship. *See Meyer v. Cathey*, 167 S.W.3d 327, 331 (Tex. 2005). A fiduciary relationship arises only from a preexisting, special relationship of trust and confidence, not from a business contract.

Plaintiff relies on *In re Carolin Paxson Advert., Inc.* and *Johnson v. Owens* to support its proposition that an agency relationship was created. But *Paxson* involved an advertising agency alleged to have "misapplie[d] the funds of his principal," 938 F.2d 595, 597 (5th Cir. 1991), while the *Johnson* court determined that a driver of a car was not an agent of the owner. 629 S.W.2d 873, 875 (Tex. App.—Fort Worth 1982). Neither involved an arm's length business transaction.

The breach of fiduciary duty claim fails for the same reason. This was an arm's-length services engagement (Compl. ¶¶ 16, 20, 24-26), not a fiduciary relationship. *Meyer*, 167 S.W.3d at 331. Texas courts are clear that trust between business counterparties and reliance on promises to perform do not create fiduciary duties, and a fiduciary relationship cannot arise from the contract-in-suit. *Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp.*, 823 S.W.2d 591, 594 (Tex. 1992).

Plaintiff also fails to identify any specific partial disclosure that obligated Defendants to correct a prior statement rendered misleading by later events. In *Bombardier Aerospace Corp. v. SPEP Aircraft Holdings, LLC*, cited by Plaintiff, the court merely states that there "*may* also be a duty to disclose" when the defendant made a partial disclosure that created a false impression, without offering an application of this rule and concluding that it could not reach the question of whether any party owed a duty of disclosure. 572 S.W.3d 213, 220 (Tex. 2019) (emphasis added). Similarly, Plaintiff pleads no facts triggering such a disclosure obligation here.

Third, the complaint fails Rule 9(b). Except for a single date and general categories of statements attributed to Ms. Abernethy, and two April 2025 emails from Mr. Morales, the complaint does not allege the details of each alleged misrepresentation or omission. While the opposition urges a looser reading of Rule 9(b), the Fifth Circuit demands particularized facts, not generalities or hindsight inferrals from nonperformance. *See Colonial Oaks Assisted Living Lafayette, L.L.C. v. Hannie Dev., Inc.*, 972 F.3d 684, 689 (5th Cir. 2020).

Fourth, justifiable reliance is not plausibly pleaded in this context. Plaintiff is a sophisticated healthcare provider with longstanding experience using third-party billing vendors. Reliance on generalized sales assurances or ongoing performance statements that Plaintiff could verify is not justifiable as a matter of law. *See JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.,* 546 S.W.3d 648, 656 (Tex. 2018). The opposition's refrain that reliance is always a fact question ignores controlling authority holding otherwise where the circumstances charge a party with knowledge available through ordinary diligence. *Id.* at 654.

Fifth, the independent-injury rule bars repackaged contract claims. The complaint seeks only economic losses related to the contract's subject matter—unpaid claims, etc.—confirming the claim sounds in contract. Plaintiff's reliance on *Formosa Plastics* is misplaced: *Formosa* preserves

3

fraudulent inducement where the pleaded facts show a contemporaneous intent not to perform, but the complaint does not do so here and conflates later operational decisions with pre-contract intent. *Formosa*, 960 S.W.2d at 46-47. *Formosa* does not open the door to recasting performance disputes as fraud seeking benefit-of-the-bargain economic losses.

Moreover, the alleged "false information" is not discrete third-party factual guidance; rather, it is a litany of performance assurances and staffing representations within the ongoing contract relationship. (Compl. ¶¶ 22, 28-30, 36, 39). The independent-injury rule further bars re-labeling these allegations as fiduciary breaches. *See Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 495 (Tex. 1991).

Plaintiff cites case law such as *Jim Walter Homes* and *Chapman Custom Home* that fails to support a contrary outcome. For instance, Plaintiff cites *Jim Walter Homes* for the proposition that a contractual relationship may give rise to duties imposed by tort law. But the *Jim Walter Homes* court expands on this, stating that "when the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone." 711 S.W.2d 617, 618 (Tex. 1986). Likewise, in *Chapman Custom Home*, the case turned on duties independent of any obligation undertaken in the parties' contract. 445 S.W.3d 716, 718 (Tex. 2014).

Here, the Complaint plainly fails to identify any duty or injury that is separate from the contractual claim. A repackaged tort theory cannot be used to enforce contractual performance standards or recover the economic loss of contractual expectations. *DeLanney*, 809 S.W.2d at 494–95.

Sixth, the DTPA claim fails for the same reasons discussed above and because Plaintiff's allegations merely restate a failure to perform services under the contract. The Fifth Circuit and Texas courts have long held that a breach of contract, without more, does not constitute a deceptive

4

trade practice, and artful relabeling of performance issues cannot convert contract claims into DTPA violations. *Dura-Wood Treating Co. v. Century Forest Indus.*, 675 F.2d 745, 756 (5th Cir. 1982) (citing cases). Plaintiff's DTPA count is premised on alleged misrepresentations and nondisclosures about service quality, authorizations, staffing, and backlog remediation, and seeks purely economic damages to the contract's subject matter—precisely what Texas law excludes from DTPA treatment absent distinct, particularized deceptive conduct. (Compl. ¶¶ 32-33, 38-42).

Finally, Texas law does not recognize a free-standing tort claim for "breach of express warranty for services" that duplicates the parties' contract. *See DeLanney*, 809 S.W.2d at 494-95; *Chapman Custom Homes*, 445 S.W.3d at 717-19. To the extent service providers make measurable affirmations that become part of the basis of the bargain, those are contractual undertakings remedied in contract. The complaint's "warranty" allegations simply reprise alleged marketing generalities and internal-process descriptions—"improve efficiency and profitability," "client satisfaction is the primary focus"—which are classic nonactionable puffery, not definite, factual warranties. *Autohaus, Inc. v. Aguilar*, 794 S.W.2d 459, 63–65 (Tex. App. —Dallas 1990, writ denied) ("General statements . . . are generally regarded as expressions of the seller's opinion or 'the puffing of his wares' and do not create an express warranty.")

In response to this controlling law, Plaintiff inaptly relies on *Barge v. Wells Fargo*, a case that dismissed plaintiff's contract claim for failure to properly plead it. No. 1:23-CV-00189, 2025 U.S. Dist. LEXIS 85452, 2025 WL 1242327, at *8-10 (E.D. Tex. Feb. 25, 2025). Since there was no viable breach of contract claim in *Barge*, the case cannot support Plaintiff's proposition that a breach of an express warranty claim may survive alongside its breach of contract action.

In sum, the controlling precedent requires dismissal of the duplicative tort and DTPA claims, as well as the standalone "express warranty for services" theory, leaving Plaintiff to pursue any viable claim for breach of contract only.

## PRAYER

For the foregoing reasons, and those already expressed, Defendants respectfully request that their motion be granted.

                           WILSON, ELSER, MOSKOWITZ,
                           EDELMAN & DICKER LLP

                           By: /s/ Andrew Holland_____
                               Andrew S. Holland
                               TX Bar No. 24134330
                               Stephen Barrett, *pro hac vice*
                               909 Fannin Street, Suite 3300
                               Houston, Texas 77010
                               713.353.2070 (Direct)
                               713.353.2000 (Main)
                               713.785.7780 (Fax)
                               andrew.holland@wilsonelser.com
                               stephen.barrett@wilsonelser.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was served on all counsel in accordance with the Federal Rules of Civil Procedure via the Court's CM/ECF system and/or email on this 31st day of December, 2025.

                               /s/ Andrew Holland_____
                               Andrew Holland